LIU, J., Concurring.
In reviewing the jury’s finding of the kidnap-murder special circumstance, our role is to “examine the evidence in the light most favorable to the prosecution and decide whether a rational trier of fact could find beyond a reasonable doubt that defendant had a purpose for the kidnapping apart from murder.” (People v. Raley (1992) 2 Cal.4th 870, 902 [8 Cal.Rptr.2d 678, 830 P.2d 712].) Applying that deferential standard, the court concludes that the evidence that defendant had an independent purpose for kidnapping Kelly Gordon was “minimally sufficient.” (Maj. opn., ante, at p. 614.) At the same time, the court candidly notes that the evidence was “weak” and “far from overwhelming.” (Id. at pp. 614, 611.) I offer one additional observation. Although we typically apply sufficiency-of-the-evidence review to a jury verdict, it is not clear that the jury in this case actually found an independent purpose for the kidnapping because, as our opinion explains (maj. opn., ante, at pp. 611-614), it was never properly instructed to do so. In light of the instructional error, our conclusion that a rational jury could have returned a true finding on the special circumstance *620 does not mean that the jury in this case actually believed such a finding was supported by the evidence beyond a reasonable doubt.
Corrigan, J., concurred.